20-4015-cv
McCluskey v. Spitzberg

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of August, two thousand twenty-one.

PRESENT:
> **REENA RAGGI,**
> **GERARD E. LYNCH,**
> **MICHAEL H. PARK,**
> *Circuit Judges.*

_____

PETER McCLUSKEY,

*Plaintiff-Appellant,*

v.                                                                                         20-4015

SAMUEL SPITZBERG, Director of Temporary and Disability Assistance, in his individual capacity, FRANK SEMINERO, Supervising Hearing Officer, Office of Temporary and Disability Assistance, in his individual capacity, JAMES RYAN, III, Supervising Hearing Officer, Office of Temporary and Disability Assistance, in his individual capacity, RICHARD LEVCHUCK, Supervising Hearing Officer, Office of Temporary and Disability Assistance, in his individual capacity, MS. LEE, Hearing Officer, Office of Temporary and Disability Assistance, in her individual capacity, ROBERT MORELLI, Assistant Attorney General, Office of State of New York Attorney General, in his individual capacity, NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE,

***Defendants-Appellees.***

---

**FOR PLAINTIFF-APPELLANT:** Peter McCluskey, pro se, Lynbrook, NY.

**FOR DEFENDANTS-APPELLEES:** Barbara D. Underwood, Solicitor General, Judith N. Vale, Senior Assistant Solicitor General, David Lawrence III, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, New York, NY.

Appeal from a November 16, 2020 order of the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Peter McCluskey, pro se, sued the New York State Office of Temporary and Disability Assistance ("OTDA") and several of its employees under 42 U.S.C. § 1983, alleging that state regulations for the Supplemental Nutrition Assistance Program ("SNAP") violated federal law. He asserted that he was denied the ability to submit evidence of anticipated medical expenses, resulting in the reduction of his SNAP benefits. McCluskey moved for a preliminary injunction to amend the applicable state regulation to comply with federal law and the SNAP application form to inquire about anticipated medical expenses. The district court denied the motion, reasoning that McCluskey was unlikely to succeed on the merits and had not shown irreparable harm. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's decision on a preliminary injunction for abuse of discretion. *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009). "A district court has abused its

discretion if it has (1) 'based its ruling on an erroneous view of the law,' (2) made a 'clearly erroneous assessment of the evidence,' or (3) 'rendered a decision that cannot be located within the range of permissible decisions.'" *Id.* (quoting *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)).

A party seeking a preliminary injunction against governmental action must demonstrate (1) that it is likely to suffer irreparable harm absent an injunction and (2) a likelihood of succeeding on the merits. *Trump v. Deutsche Bank AG*, 943 F.3d 627, 635–37 (2d Cir. 2019), *vacated and remanded on other grounds*, *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019 (2020).

The district court did not abuse its discretion by concluding that McCluskey failed to meet the standard for a preliminary injunction here. McCluskey first argues that the state regulation concerning deductions of anticipated medical expenses from the income taken into account in calculating eligibility for SNAP benefits impermissibly deviates from the federal statute. But, as the district court found, the OTDA regulation mirrors the language of the federal law concerning SNAP medical expense deductions. The federal law states that "[a] household containing an elderly or disabled member shall be entitled, with respect to expenses other than expenses paid on behalf of the household by a third party, to an excess medical expense deduction for the portion of the actual costs of allowable medical expenses, incurred by the elderly or disabled member, exclusive of special diets, that exceeds $35 per month." 7 U.S.C. § 2014(e)(5)(A). Similarly, New York's regulation defines medical expense deductions as "[d]eductions consisting of that portion of medical expenses, excluding special diets, which are in excess of $35 per month and incurred by a household member who meets the definition of elderly (age 60 and older) or disabled." N.Y. Comp. Codes R. & Regs. tit. 18, § 387.12(c). Thus, the district court correctly concluded that the state regulation does not impermissibly deviate from the federal statute.

McCluskey next argues that the computation methods between the state regulation and

3

federal statute are inconsistent. The federal statute requires that the method "minimize the burden" for the eligible person, "rely on reasonable estimates" of recurring medical expenses after the expenses are initially verified, and "not require further reporting or verification of a change in medical expenses if such a change has been anticipated for the certification period." 7 U.S.C. § 2014(e)(5)(B)(ii). The state regulation requires that any excess medical deduction over $35 be subtracted from the household's monthly income. N.Y. Comp. Codes R. & Regs. tit. 18, § 387.15(a)(4). While the state regulation and SNAP application form do not specifically discuss consideration of anticipated medical expenses, federal law does not mandate that such language be included. Indeed, the application form does ask if anyone living with the applicant is elderly or disabled, whether such person has medical bills, the amount, what they are for, and who is responsible for payment. *See* N.Y. State Office of Temp. & Disability Assistance, *Supplemental Nutrition Assistance Program (SNAP) Application/Recertification* at 4 (Feb. 2018), https://otda.ny.gov/programs/applications/4826.pdf. The state's application process also includes an interview at which an applicant could discuss anticipated medical expenses. *See id.* at cover page. Moreover, any claim that OTDA does not allow for such deductions is belied by the OTDA Source Book, which provides that "[h]ouseholds eligible for the excess medical deduction must be allowed at certification to give a reasonable estimate of the medical expenses they expect to incur during the course of the certification period." N.Y. State Office of Temp. & Disability Assistance, *Supplemental Nutrition Assistance Program (SNAP) Source Book* at 249 (July 2011), https://otda.ny.gov/programs/snap/SNAPSB.pdf. The district court thus did not err in concluding that McCluskey had offered insufficient evidence of an inconsistency between the state and federal computation methods to demonstrate a likelihood of success on the merits.

McCluskey contends that the district court erred in concluding that, at this stage of

4

litigation, he has offered no evidence suggesting that New York calculates SNAP benefits solely on the basis of information provided on the application form. But this argument is meritless. McCluskey is correct that the SNAP application requires the applicant to affirm his understanding that he must report medical expenses to obtain a deduction for those expenses, and that failing to report or verify those expenses would result in an applicant not receiving the deduction. N.Y. State Office of Temp. & Disability Assistance, *Supplemental Nutrition Assistance Program (SNAP) Application/Recertification* at 7. But the application form also states that expenses can be reported and verified at any time. *Id*. Therefore, the district court did not err in concluding that the evidence that SNAP benefits could be based on information other than what was stated in in the application form precluded him from showing, on the present state of the record, that he would likely prevail on his claims.

Because McCluskey's failure to establish a likelihood of success on the merits suffices to dispose of this appeal, we need not consider the district court's additional conclusion that he had not established irreparable harm. We have considered all of McCluskey's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court denying a preliminary injunction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court